UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ISRAEL RONDON, | ) | CASE NO. 1:13 CV 009 |
| Plaintiff, | ) ) | JUDGE DAN AARON POLSTER |
| v. | ) ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) ) | MEMORANDUM OF OPINION AND ORDER |
| Defendant. | ) ) | |

On January 3, 2013, this action against was removed from the Cuyahoga County Court of Common Pleas, pursuant to 28 U.S.C. § 1442, by Defendant Social Security Administration. The complaint, filed by plaintiff Israel Rondon, consists of a series of apparently disconnected assertions concerning the Supplemental Security Income ("SSI") program. While unclear, Rondon appears to allege SSI funds were withheld during his incarceration in jail, which he says constituted "unlawful sedition" and was "in violation of the antitrust and tort laws of the nation and the laws governing contracts."[1]

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. V. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

---

[1] SSI benefits are generally not payable while recipients are in jail for a month or more. 20 C.F.R. § 416.211(a).

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). Even construing the complaint liberally in a light most favorable to the plaintiff, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it does not contain allegations reasonably suggesting he might have a valid federal claim, or even that there is a arguable basis for this court's jurisdiction. This case is therefore appropriately subject to summary dismissal. *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); *see, Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)(citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *see also, In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir.1988)(recognizing that federal question jurisdiction is divested by unsubstantial claims).

Accordingly, this action is dismissed.

IT IS SO ORDERED.

      */s/Dan Aaron Polster 1/17/13*
      DAN AARON POLSTER
      UNITED STATES DISTRICT JUDGE